### CORNUE et al. v. CORAM et al.

(Circuit Court, D. Massachusetts. November 29, 1910.)

#### No. 724.

REMOVAL OF CAUSES (§ 48*)—SEPARABLE CONTROVERSY—JURISDICTION.

Complainants sued to recover payment of a certain amount alleged to be due them from a trust fund in the hands of two of defendants as trustees; the bill alleging that defendant C. asserted a claim to a very large amount from the same fund. Certain of the defendants removed the cause, claiming that C.'s demand against the fund was invalid, and that there were other claimants not named in the bill who alleged other claims against the fund which might or might not be valid. *Held* that, there being no diversity of citizenship as between complainants and certain of the defendants, there was no separable controversy justifying a removal to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 94; Dec. Dig. § 48.*

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

In Equity. Suit by Ellen S. Cornue and others against Joseph A. Coram and others. Motions to remand; one brought by complainant and the other by Joseph A. Coram. Granted.

Brandeis, Dunbar & Nutter, for complainants.

Hollis R. Bailey, E. N. Harwood, Charles E. Stearns, and Adler, Barker, Stanton & Wood, for defendants.

---

PUTNAM, Circuit Judge. This is a petition to remand to the Supreme Judicial Court for the county of Suffolk and state of Massachusetts a bill in equity commenced therein. The parties to the bill are Ellen S. Cornue and Herbert P. Cummings, complainants, and Joseph A. Coram, and Andrew J. Davis and Charles H. Palmer as trustees, and other persons whom we need not name. The proceeding was removed to this court on the petition of Andrew J. Davis and Charles H. Palmer as trustees. There are two motions to remand, one brought by the complainants, and the other brought by Joseph A. Coram, one of the respondents.

This case has sifted down so that the only ground we have for consideration is whether or not the case involves a separable controversy so far as Davis and Palmer are concerned. We are clear that it does not. The bill was brought by the complainants to secure payment of a certain amount alleged to be due them from the trust fund in the hands of Davis and Palmer as trustees. The bill alleges that Coram asserts a very large amount from the same trust fund. The bill is in substance a bill of interpleader. The motion to remove the case alleges various matters which may serve as a defense to the bill on final hearing, but which, of course, this court can take no notice of, in view of the well-settled practice that, on questions of jurisdiction in the federal courts, nothing is to be regarded except a bona fide claim appearing on the face of the suit or bill in equity, whichever it may be.

In the present case it is said by the petitioners for removal that the claim of Coram against the trust fund is not valid, and that there are other claimants, not named in the bill, who allege other claims against the trust fund which may or may not be valid. Of course, if the parties before the court do not enable the court to dispose of the subject-matter in controversy according to the rules of equity, that would be easily made to appear in whichever court has jurisdiction of the proceedings, whereupon the proper relief in reference thereto would be granted by that court; but it in no way concerns the bill in its present shape, which, as we have said, is in the nature of a bill of interpleader. Both complainants, Davis and Palmer as trustees, and Coram are for the purposes of the bill necessary parties thereto. As, therefore, there is no separable controversy, we cannot retain jurisdiction.

Ordered and decreed that the case be remanded to the Supreme Judicial Court for the county of Suffolk and state of Massachusetts for further proceedings therein in accordance with the law; and that Ellen S. Cornue, Herbert P. Cummings, and Joseph A. Coram recover jointly a single bill of costs in this court.